UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINE JANIS,<br><br>Defendant. | 3:21-CR-30024-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On August 13, 2021, this Court sentenced Defendant Vine Janis to 48 months of imprisonment for an assault resulting in serious bodily injury followed by three years of supervised release. At the time of the sentencing, Janis was in Criminal History Category III with a guideline range of 41 to 51 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Janis in Criminal History Category II, where his guideline range would have been 37 to 46 months.

Janis filed a Motion for Reduction in Sentence, Doc. 33, proposing a reduction to a 43-month sentence, 3 months below the top end of the amended guideline range. The United States does not contest Janis's eligibility to be considered for a sentence reduction but argues for a reduction to 46 months. Doc. 36.

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with

1

applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

Id. at 821 (quoting U.S.S.G. S 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the rules set forth in Dillon, Janis meets the criteria for such a reduction. With that reduction, he gets no status points instead of 2,

2

and has a total of 2 criminal history points. That places him in Criminal History Category II and reduces the advisory Guideline range to 37–46 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. Dillion, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

  The nature and circumstances of Janis's offense were very serious and require a lengthy sentence. Janis, while intoxicated during the early morning hours of December 20, 2020, became brutally abusive to his wife, Kathryn Dupris. Janis punched her, pulled her by her hair, and stabbed her multiple times. Janis threatened her life and would not let her leave the home. After Janis passed out, Dupris fled the home, having sustained deep lacerations of her arms and legs requiring 42 staples to close seven separate wounds. On that conduct alone, a lengthy sentence remains appropriate.

  The history and characteristics of Janis include an old sex offense when he was 20 years old, a failure to register as a sex offender conviction at age 38, and a tribal court record (not contributing criminal history points) including a DUI, a domestic violence offense and disorderly conduct. Indeed, his actual criminal history and dangerousness arguably is better represented by Criminal History Category III than II, though the United States does not contest his placement in Criminal History Category II. Nothing in his personal history and characteristics militates for any particularly light sentence.

  The remaining factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify little reduction from the prior sentence. The United States argues that public safety considerations may include considering the post-sentencing conduct or situation of the defendant, whether positive or negative. The Eighth

Circuit has recognized that in the context of evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

The United States argues that Janis's disciplinary issues are relevant. Janis's Inmate Discipline Data report shows a number of recent disciplinary problems, as recently as three months ago. On October 17, 2023, he was cited for refusing to obey an order. Doc. 25 at 1. He was cited for being unsanitary and for three incidents of refusing work or program assignments during three consecutive weeks in December 2022. Id. at 1–2. While his disciplinary problems are concerning, Janis's history of disciplinary issues do not, under the circumstances, disqualify him from a modest sentence reduction.

Accepting that retroactive application of the recent guidelines changes places Janis in Criminal History Category II with a guidelines range of 37 to 46 months, this Court deems 46 months to be sufficient but not more than necessary under the § 3553(a) factors. Therefore, it is

ORDERED that Janis's Motion for Reduction in Sentence, Doc. 33, is granted to the extent that the sentence is lowered from 48 months to 46 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 48 to 46 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 18th day of January, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE